# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2016

Lyle W. Cayce
Clerk

PETER HOFFMAN; SUSAN HOFFMAN,

     Plaintiffs - Appellees

v.

DAVID BAILEY,

     Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5153

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

    Peter and Susan Hoffman filed suit against David Bailey, asserting claims for defamation under Louisiana law. Bailey filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court denied the motion and Bailey appealed. Hoffman filed a motion to dismiss the appeal for lack of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30121

appellate jurisdiction because the district court's order is not final and appealable. Bailey argues that this court has appellate jurisdiction under the collateral order doctrine because the district court denied him immunity for reporting the fraudulent misconduct for which the Hoffmans have been criminally convicted. He claims that this "qualified privilege" or "qualified immunity" immunizes him from the defamation action as a matter of law. Alternatively, citing *Heck v. Humphrey*, 512 U.S. 477 (1994), he contends that the collateral order doctrine applies on the ground that Hoffman's defamation claims impugn the validity of Hoffman's felony convictions for fraudulent tax credit applications as to which Bailey had given notice to Louisiana governmental authorities.

Bailey cites no authority holding that the denial of a motion to dismiss a complaint for defamation is appealable under the collateral order doctrine. This Court does not have appellate jurisdiction and the appeal is therefore DISMISSED.

Hoffman's motion for damages under Rule 38 is DENIED.